IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SABRINA GAUSE, INDIVIDUALLY AND ON BEHALF OF A MINOR, JANE DOE,<br><br>           Plaintiffs,<br><br>      v.<br><br>WALMART, INC.,<br><br>           Defendant. | CIVIL ACTION NO.:_____<br><br><br><br>**NOTICE OF REMOVAL** |

**TO:** **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION; THE COURT OF COMMON PLEAS FOR THE TWELFTH JUDICIAL CIRCUIT, MARION COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart, Inc. removes this action previously pending in the Court of Common Pleas for the Twelfth Judicial Circuit, Marion County, South Carolina, Civil Action No. 2025-CP-33-00745, to the United States District Court for the District of South Carolina, Florence Division, on the following grounds:

**I.     RESERVATION OF DEFENSES**

No admission of fact, law, or liability is intended by the Notice of Removal, and Defendant expressly reserves any and all rights, claims, defenses, affirmative defenses and motions, including without limitation all jurisdictional, procedural and substantive defenses. This Notice of Removal is filed subject to and with full reservation of rights by Walmart, Inc., including but not limited to defenses and objections on the basis of lack of personal jurisdiction, insufficient service of process, insufficient process, improper service, and the expiration of the statute of limitations.

## II.    COMMENCEMENT OF ACTION

Plaintiffs, Sabrina Gause, individually and on behalf of a minor, Jane Doe, commenced this action against Defendant by filing a Summons and Complaint on November 3, 2025. Plaintiff purportedly served Defendant with the Complaint through the CT Corporation System on November 6, 2025. (Ex. B, Certificate of Service by Certified Mail).  Thus, the earliest date that the thirty-day clock for removal could have begun to run was November 6, 2025. As such, this Notice of Removal is timely filed "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).  Pursuant to 28 U.S.C. § 1446(a), the case is removed to the district and division embracing the Marion County Court of Common Pleas. *See also* 28 U.S.C. § 121.

## III.    PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Defendant are attached and are being filed contemporaneously with this Notice as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d) and Local Rule 83.IV.01, DSC, written notice of this removal is being served on Plaintiffs and is being filed with the Clerk of Court for the Marion County Court of Common Pleas.

## IV.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed in detail below, this action satisfies both statutory requirements.

### A.    There is diversity of citizenship between Plaintiffs and Defendant.

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of different states. Plaintiffs, Sabrina Gause, individually and on behalf of a minor, Jane Doe, are

residents of Marion County, South Carolina. (Compl. ¶ 2.) Defendant, Walmart, Inc., is a foreign for-profit corporation organized under the laws of the State of Delaware, with a principal place of business in Bentonville, Arkansas. (Compl. ¶ 4). Accordingly, Defendant is not a citizen of South Carolina, and diversity exists among the parties.

**B.** **The amount in controversy exceeds $75,000 exclusive of interests and costs.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)). The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *Stewart v. AT&T Mobility,* No. 3:10-3083, 2011 U.S. Dist. LEXIS 92537, at *7 (D.S.C. July 21, 2011) (explaining that for a diversity jurisdiction analysis, the court may consider "the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record"). When the aggregate damages claimed by a party exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332(a).

"Generally, 'the sum claimed by a plaintiff in her complaint determines the jurisdictional amount.'" *O'Neal v. Quicken Loans, Inc,,* No. 1:15-cv-03712, 2016 WL 1553554, at *2 (D.S.C. April 18, 2016). The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). In the Complaint, Plaintiff prays for judgment against Defendant as follows:

1. Compensatory, actual, consequential damages to Plaintiff;

2. Pre- and post-judgment interest;

3. Reasonable attorney's fees and costs; and

4.    Such other and further relief as this Court may deem appropriate.

(*See* Compl. Jury Demand).

The specific dollar amount of claimed damages is unspecified in the Complaint. "When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that plaintiff cannot recover damages in excess of $75,000." *Fritz v. Universal Tech. Inst., Inc.*, No. 3:09-3227-JFA, 2010 U.S. Dist. LEXIS 2641, at *1 (D.S.C. Jan. 12, 2010). "Frequently, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal." Id. at *1-2; see also *Woodward v. Newcourt Commer. Fin. Corp.,* 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (finding a "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount."). As such, Plaintiffs have claimed damages in excess of $75,000. Therefore, this action satisfies the amount in controversy requirement, and the Court has diversity jurisdiction under 28 U.S.C. § 1332.

In the event any question arises as to the propriety of the removal of this matter, Defendant requests the opportunity to conduct discovery and present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

WHEREFORE, Defendant, by counsel, gives notice that the within civil action, previously pending in the Court of Common Pleas for Marion County, South Carolina, has been removed to the United States District Court for the District of South Carolina, Florence Division. *See 28 U.S.C. §* 1332, 1441 and 1446.

Respectfully submitted,

4

Turner Padget Graham & Laney, P.A.


*/s/ Adrian P. Carter*
Adrian P. Carter (Federal Bar No.: 14026)
Post Office Box 5478
Florence, South Carolina 29502
Direct: 843-656-4423
Fax:    843-413-5853
Florence, South Carolina            APegueseCarter@turnerpadget.com

December 5, 2025                ATTORNEYS FOR DEFENDANT,
                    WALMART, INC.